People v Griffin (2020 NY Slip Op 05645)





People v Griffin


2020 NY Slip Op 05645


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


658.1 KA 19-00791

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEXANDRA GRIFFIN, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered October 17, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count to a determinate term of three years of imprisonment, and as modified the judgment is affirmed and the matter is remitted to Yates County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon her conviction of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and sentencing her to concurrent determinate terms of five years of imprisonment, followed by a period of two years of postrelease supervision. Preliminarily, as defendant contends and the People correctly concede, even if defendant executed a valid waiver of the right to appeal at the underlying plea proceeding, it would not encompass her challenge to the severity of the sentence imposed following her violation of probation (see People v Giuliano, 151 AD3d 1958, 1959 [4th Dept 2017], lv denied 30 NY3d 949 [2017]; People v Tedesco, 143 AD3d 1279, 1279 [4th Dept 2016], lv denied 28 NY3d 1075 [2016]). We agree with defendant that the sentence is unduly harsh and severe. In light of defendant's young age, minimal criminal history, and prior efforts to address her substance abuse issues, as well as the nonviolent nature of the underlying crimes and the relatively minor infractions for which she was discharged from her treatment program thereby resulting in her violation of probation, we modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) by reducing the sentence on each count to a determinate term of imprisonment of three years, to be followed by the two years of postrelease supervision imposed by County Court, with the sentences remaining concurrent.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court